# EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |
| | CASE TYPE: Civil/Invasion of Privacy |

| | |
|---|---|
| Samuel G. Zean, | Court File No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Premiere Global Services, Inc., | |
| Defendant. | |

As and for his Complaint, the Plaintiff states and alleges as follows:

### PARTIES

1. Plaintiff Samuel G. Zean is a natural person residing in the City of Mendota Heights, County of Dakota, State of Minnesota.

2. Defendant Premiere Global Services, Inc. is a foreign corporation incorporated under the laws of Georgia, doing business in the State of Minnesota with its principal place of business located at 3280 Peachtree Road NW, Suite 1000, Atlanta, GA 30305-2422.

### FACTUAL ALLEGATIONS

3. In or about April 2008, Plaintiff began receiving a series of telephone calls from Defendant during the middle of the night and early morning hours, which would result in a loud "beeping" noise in Plaintiff's ear upon picking up the phone.

4. Defendant's telephone number, (732) 542-3012, and company name, "Premiere Global," appeared on Plaintiff's caller identification system each time Defendant placed a call to Plaintiff's home.

1


EXHIBIT A

5. Plaintiff does not and has never conducted business with Defendant, and otherwise has never given Defendant permission to telephone his home phone number.

6. Upon information and belief, Defendant's phone calls were attempts to send solicitation materials to Plaintiff via facsimile.

7. Several times, Plaintiff attempted to return Defendant's call but was not able to reach a live person. An automated message directed Plaintiff to input his phone number if he wanted Defendant to cease calling his phone number. Plaintiff entered his number several times as directed by the prerecorded message but the calls continued nevertheless.

8. The calls from Defendant continued throughout the months of April and May 2008 on an almost daily basis, sometimes twice in a single day or night, causing Plaintiff and his family to be awoken on several occasions.

9. In June 2008, in an attempt to stop the harassing and unwanted calls, Plaintiff placed his phone number on the National Do Not Call Registry maintained by the Federal Trade Commission.

10. After the calls continued and Plaintiff's efforts failed to stop them, Plaintiff filed a harassment complaint with the Mendota Heights Police Department, Case No. 08000715.

11. Regardless, Defendant placed phone calls to Plaintiff's home on the following dates
    - July 4, 2008 at 12:00 p.m. and 12:10 p.m.
    - July 5, 2008 at 12:12 a.m. and 12:15 a.m.
    - August 20, 2008 at 10:02 a.m. and 10:10 a.m.
    - September 4, 2008 at 10:45 a.m. and 10:53 a.m.

- September 18, 2008 at 10:45 a.m. and 10:53 a.m.
- October 8, 2008 at 12:00 a.m. and 12:10 a.m.
- October 9, 2008 at 12:12 a.m. and 12:15 a.m.
- January 17, 2009 at 12:12 a.m. and 12:15 a.m.
- March 2, 2009 at 4:10 p.m. and 4:14 p.m.
- April 14, 2009 at 12:10 p.m. and 12:20 p.m.
- April 15, 2009 at 12:22 a.m. and 12:25 a.m.

12. Finally, Plaintiff canceled his phone service with his then-current provider, Qwest, and changed his phone number in an effort to stop the calls from solicitation.

13. Since 2008, Plaintiff has had his sleep disrupted several times in the middle of the night and morning by the harassing telephone calls placed by Defendant, and has suffered from frustration, emotional distress, anger, amongst other negative and ill effects as a result of Defendant's deliberate invasions of his privacy.

## CAUSES OF ACTION

### COUNT I.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

14. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

15. The forgoing conduct by Defendant constitutes an unreasonable intrusion upon seclusion upon Plaintiff's privacy.

16. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, or private concerns or affairs of the Plaintiff.

3

17. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, or private concerns or affairs.

18. These intrusions and invasions of privacy by this Defendant occurred in a way that would be highly offensive to a reasonable person in the Plaintiff's position.

19. Plaintiff has been seriously damaged as a result and is entitled to his damages, both emotional distress and out-of-pocket loss.

## COUNT II.

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227

20. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

21. Plaintiff and Defendant have no prior business dealings and Plaintiff has never otherwise given Defendant permission to telephone his home phone number.

22. Upon information and belief, all telephone calls placed by Defendant from (732) 542-3012 to Plaintiff were made with the intent to solicit business from Plaintiff via facsimile in violation of 47 U.S.C. § 227(b)(1)(C).

23. Defendant willfully and/or knowingly violated 47 U.S.C. § 227(b)(1)(C) by continuing to telephone Plaintiff in an effort to send him solicitations via facsimile.

24. Defendant willfully and/or knowingly violated 47 C.F.R. §§ 64.1200(c)(1) and 64.1200(c)(2) by continuing to place solicitation telephone calls to Plaintiff, who is registered on the National Do Not Call Registry, over the course of a year, sometimes in the middle of the night and/or early morning hours.

25. Defendant willfully and/or knowingly violated 47 C.F.R. § 64.1200(d)(4) each time it telephoned Plaintiff by failing to identify itself.

4

26. As a result of said violations Plaintiff is entitled to injunctive relief, statutory damages and treble damages for each willful or knowing violation pursuant to 47 U.S.C. § 227(b)(3).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

- That the Court grant injunctive relief to prohibit the wrongful conduct engaged in by Defendant described herein;

- That judgment be entered against Defendant for actual damages and treble damages pursuant to 47 U.S.C. § 227(b)(3), and invasion of privacy;

- That the Court award costs and reasonable attorneys' fees, pursuant to Tex. Fin. Code Ann. § 392.403(a);

- That the Court award Plaintiff costs and attorney's fees in an amount to be determined at trial; and,

- That the Court grant such other and further relief as may be just and proper.

Dated this 29th day of June, 2009.

By: _____

LYONS LAW FIRM, P.A.
Thomas J. Lyons, Sr., Esq.
Attorney I.D. #65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651)770-9707
Facsimile: (651) 704-0907
tlyons@lyonslawfirm.com

CONSUMER JUSTICE CENTER, P.A.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommycjc@aol.com

*Attorneys for Plaintiff*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.211 (1997), to the party against whom the allegations in this pleading are asserted.

_____
Thomas J. Lyons

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA    )
                      ) ss
COUNTY OF Ramsey      )

Samuel G. Zean, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in the complaint are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Samuel G. Zean

Subscribed and sworn to before me
this 24th day of June, 2009.

_____
Notary Public

THOMAS J. LYONS
Notary Public-Minnesota
My Commission Expires Jan 31, 2010